UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TERANCE M. TOWNS, SR.**                                              **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:25-CV-498-JHM**

**CHFS/CPS,** *et al.*                                               **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Terrance M. Towns, Sr. initiated this *pro se* 42 U.S.C. § 1983 civil rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff sues CHFS/CPS; CPS Supervisor Shelby Hall; CPS Investigator Britany Boling; and three CPS workers: Deanna Garmon, Erica Perry, and Jill Sanders. The complaint alleges that on September 30, 2024:

> While at my mom home taking a nap Elizabethtown police came beating on the door saying I had warrants and arrested me. I also have a recording from Sergeant Eckarts saying that 3 CPS workers came to the police station saying I was talking suicidal on Facebook and still have yet to present any evidence of these false accusations.

Plaintiff further alleges that on November 13, 2024:

> I was sitting in the court lobby at Elizabethtown courthouse, when I was approached by Sheriff John Howe due to CPS sending him accusing me of being there to shoot up the courthouse, which I have it all on recording.

Plaintiff asserts that these actions violate the First, Eighth, and Fourteenth Amendments. As relief, he seeks monetary damages and various forms of injunctive/declaratory relief, including: "immediate legal help or advocacy - review and acknowledgement of my recordings - exposure of alleged racial discrimination and legal misconduct - punishment for all CPS workers and Judges

and police named" and "all cases and charges cleared for wrongfully creating a CPS case and defamation of character."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant CHFS/CPS

Plaintiff names as a Defendant CHFS/CPS, which the Court presumes to be the Kentucky Cabinet for Health and Family Services' child protection division.

CHFS is an agency of the Commonwealth of Kentucky that is responsible for, among other things, child protective services. *See* Ky. Rev. Stat. Ann. § 194A.010; 922 Ky. Admin. Regs. 1:330. It is well-settled that a state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Plaintiff's claims against CHFS/CPS are therefore subject to

3

dismissal for failure to state a claim upon which relief can be granted. *See*, *e.g., Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs*., No. 3:15–CV–00476–JHM, 2016 WL 1241540, at \*3 (W.D. Ky. Mar. 28, 2016) (dismissing claim against CHFS); *Crawford v. Child Protective Servs*., No. CIV A 3:08CV-71-H, 2009 WL 790173, at \*2 (W.D. Ky. Mar. 23, 2009) (dismissing claim against CPS).

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against these Defendants.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Thus, Plaintiff's claims against CHFS/CPS are also subject to dismissal on the basis of immunity.

### B.  Defendants Hall, Boling, Garmon, Perry, and Sanders

Although Plaintiff names five CPS employees as Defendants,[1] his complaint contains no allegations against them specifically and does not identify the individual CPS employees who participated in the actions described above.

If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants

---

[1] Plaintiff's complaint does not indicate whether these Defendants are sued in their individual or official capacities.

were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Crawford*, 2007 WL 2772740, at *3 (W.D. Ky. Sept. 20, 2007) (complaint failed to state a claim for relief where plaintiff alleged no facts involving defendants). Defendants Hall, Boling, Garmon, Perry, and Sanders will therefore be dismissed for failure to state a claim.

To the extent that Plaintiff sues these Defendants in their official capacities, "official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Any official capacity claims against Hall, Boling, Garmon, Perry, and Sanders are therefore construed as brought against their employer, CHFS. And, as stated above, state officials sued in their official capacities for monetary damages under § 1983 are not "persons." *Will*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169. The Court will therefore dismiss any official capacity claims against Defendants Hall, Boling, Garmon, Perry, and Sanders.

## IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:   December 8, 2025

*[Signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.015

5